## NEWPORT.

---

### GIDEON P. ROSE *vs.* CHARLES E. HARVEY.

At the trial of an action at law special issues were submitted to the jury. On returning into court the jury were asked by the clerk if they had agreed upon a verdict, whereupon the foreman of the jury handed to the clerk a paper on which was written a special finding. The paper was not read to the jury by the clerk, nor were they asked if it was their verdict, nor was it signed by the jury or by the foreman. The jury being unable to agree on all of the issues were discharged from further consideration of the case without their special finding being entered on the record.

*Held*, that it not appearing that the paper was assented to by the jury as their finding, and there being no way now by which such assent can be obtained, the paper cannot be entered on the record as their verdict.

*Held*, further, that the court cannot be required to receive a verdict until the special issues submitted to the jury in accordance with the Judiciary Act, cap. 23, § 7, have all been found.

PETITION for a writ of *mandamus* directed to the clerk of the Common Pleas Division of the Supreme Court for the county of Newport, commanding him to enter upon the records of the court the verdict of a jury.

At the trial of an action of trespass on the case brought by Gideon P. Rose against Sebra A. Mitchell in the Common

Pleas Division of the Supreme Court for the county of Newport, four special issues were submitted to the jury. The jury being able to agree on one only of the four issues, they were discharged from further consideration of the case. The presiding justice then refused to order the clerk of the court to enter, and the clerk refuses to enter, the finding of the jury as their verdict. The other material facts appear in the opinion.

*Providence, March* 1, 1894. PER CURIAM. The court sees no occasion to pass upon the question whether *mandamus* may properly issue as prayed.

It appears from the affidavits filed that on the return of the jury into court, the foreman was asked by the clerk if they had agreed on a verdict; that thereupon a paper from the foreman was handed to the clerk which read as follows: "We, the jury, agree that the defendant alienated the affections of the plaintiff's wife from him, and we assess the damages at $1,000." This paper, however, was not read to the jury by the clerk, nor were they asked whether it was their verdict, nor was it signed by the jury or by the foreman. It does not appear, therefore, that it was assented to by the jury as its finding, and the jury having been subsequently discharged from further consideration of the case, there is no way now by which the assent of the jury can be obtained; and, therefore, it cannot be entered on the record as their verdict. The trial, having thus resulted, must be regarded as a mistrial, and, consequently, the case must stand for another trial.

Petition denied and dismissed.

A petition for a rehearing was then filed and the cause was re-argued.

*Providence, March* 17, 1894. PER CURIAM. Upon the re-argument of the matter decided in our former rescript we see no occasion to modify our decision, and as an additional reason for denying the petition we are of the opinion that the court cannot be required to receive a verdict until the special issues submitted to the jury in accordance with the

provisions of the Judiciary Act, cap. 23, § 7,[1] have all been found.

*John M. Brennan & Christopher E. Champlin*, for petitioner.

*George J. West*, for respondent.